**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: CLOCK TOWER PLACE
INVESTMENTS, LIMITED, a California
corporation; LANDMARK LAND
COMPANY OF CAROLINA, INCORPORATED, a
Delaware corporation; LANDMARK LAND
COMPANY OF OKLAHOMA, INCORPORATED,
an Oklahoma corporation; LANDMARK
LAND COMPANY OF FLORIDA,
INCORPORATED, a Delaware corporation;
LANDMARK LAND COMPANY  OF
LOUISIANA, INCORPORATED, a Louisiana
corporation; LANDMARK LAND
COMPANY OF CALIFORNIA, INCORPORATED,
a Delaware corporation,
<u>Debtors.</u>

GLORIA ROBINSON, as Plan
Administrator of the Landmark
Insurance Group Plan and Landmark
501(c)(9) Trust Agreement for the
Landmark GroupAND as a participant
of the Landmark Group Insurance
Program and the 501(c)(9) Trust
Agreement for the Landmark Group;
MICHAEL WELCH, Trustee of the
501(c)(9) Trust Agreement for the
Landmark GroupAND as a Participant
of the Landmark Group Insurance
Program and the 501(c)(9) Trust
Agreement for the Landmark Group;

No. 98-2061

V. JACKSON CARNEY, as Trustee for the Landmark GroupAND as a participant of the Landmark Group Insurance Program 501(c)(9) Trust Agreement for the Landmark GroupAND as persons entitled to receive benefits under the Landmark 501(c)(9) Trust,
Plaintiffs-Appellants,

v.

CLOCK TOWER PLACE INVESTMENTS, LIMITED; RESOLUTION TRUST CORPORATION, as Conservator for Oak Tree Federal Savings Bank in Receivership and its successor the FEDERAL DEPOSIT INSURANCE CORPORATION; LANDMARK LAND COMPANY OF FLORIDA, INCORPORATED;

LANDMARK LAND COMPANY OF OKLAHOMA, INCORPORATED; LANDMARK LAND COMPANY OF CAROLINA, INCORPORATED; LANDMARK LAND COMPANY OF LOUISIANA, INCORPORATED; LANDMARK LAND COMPANY OF CALIFORNIA, INCORPORATED; NORTHERN CALIFORNIA RANCH, INCORPORATED, formerly known as Carmel Valley Ranch,
Defendants-Appellees,

v.

TRUST AGREEMENT FOR THE LANDMARK GROUP, V. Jackson Carney, Gloria Robinson and Michael Welch are trustees/administrators of the "Trust",
Third Party Defendant.

2

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CA-95-4005-2-1, CA-91-3286-2-1, CA-91-3291-2-1,
CA-91-3290-2-1, CA-91-3289-2-1, CA-91-3288-2-1,
CA-96-3522-2-1, BK-91-5814, BK-91-5815, BK-91-5816,
BK-91-5817, BK-91-5819, BK-91-5818)

Argued: January 29, 1999

Decided: March 29, 1999

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Henry Blanton Brown, H. BLANTON BROWN &
ASSOCIATES, Oklahoma City, Oklahoma, for Appellants. Daniel
Glann Lonergan, FEDERAL DEPOSIT INSURANCE CORPORA-
TION, Washington, D.C., for Appellees. **ON BRIEF:** Thomas S. Tis-
dale, Jr., Stephen P. Groves, Sr., YOUNG, CLEMENT, RIVERS &
TISDALE, L.L.P., Charleston, South Carolina; Gerald P. Green, Paul
G. Summars, PIERCE, COUCH, HENDRICKSON, BAYSINGER &
GREEN, Oklahoma City, Oklahoma, for Appellants. Ann S. DuRoss,
Assistant General Counsel, Lawrence H. Richmond, Acting Senior
Counsel, FEDERAL DEPOSIT INSURANCE CORPORATION,
Washington, D.C.; Rex Veal, G. Patrick Watson, POWELL, GOLD-
STEIN, FRAZER & MURPHY, Atlanta, Georgia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

3

**OPINION**

PER CURIAM:

The plaintiffs-appellants (the "Claimants") in this case sought to file an untimely administrative claim and proof of claim against a bankruptcy estate. The district court denied the motion to file these claims, finding the claims to be time barred. The court rejected the Claimants' contention that the late filing was due to excusable neglect. The court also held that the Claimants failed to set forth a valid administrative claim under § 503(b) of the Bankruptcy Code, 11 U.S.C. § 503(b) (1994). We affirm because the claims were time barred and the district court did not abuse its discretion in refusing to accept the late filing. We therefore do not reach the question of whether the Claimants stated a valid administrative claim.

I.

The Claimants, Gloria Robinson, V. Jackson Carney, and Michael Welch, were participants in an employee welfare benefit plan (the "Plan") established by the Landmark companies. The Landmark companies developed, owned, and managed a large portfolio of residential resort communities. Clock Tower Place Investments, Ltd. ("Clock Tower") was a holding company for the Landmark companies, and Oak Tree Savings Bank ("Oak Tree") was the sole owner of Clock Tower.

In October 1991 Clock Tower and its subsidiaries (collectively, the "Debtors") petitioned for Chapter 11 relief. Immediately following the bankruptcy of the Debtors, the Office of Thrift Supervision placed Oak Tree in receivership and appointed the Resolution Trust Corporation ("RTC") as its receiver. Upon the dissolution of the RTC, the FDIC took its place. Thus the FDIC now controls Oak Tree and all its subsidiaries, including Clock Tower.

In order to ensure adequate funding after bankruptcy for the (benefits) Plan, a voluntary employees' beneficiary association trust (the "Trust") was created in accordance with 26 U.S.C. § 501(c)(9) (1994). The Trust Agreement provides that no funds may "be used for, or

4

diverted to, purposes other than to provide the benefits contemplated under the Plan for the exclusive benefit of covered employees and their dependents, except [taxes and administrative expenses]." However, between 1988 and 1994 the Plan paid more than $900,000 of medical benefits to certain non-employees, including independent contractor golf pros. The benefits were paid because of misrepresentations by former Landmark corporate officers and Plan fiduciaries. The Claimants assert that counsel for Clock Tower told them that unless the Trust was reimbursed for these improper payments, it could lose its tax-exempt status.

In December 1995 the Claimants commenced an adversary proceeding against Clock Tower, the Landmark companies, the RTC, and the FDIC. They alleged breaches of fiduciary duties under ERISA and sought reimbursement for payments improperly made from the Plan. The district court dismissed that action for lack of subject matter jurisdiction.

On April 5, 1996, the Claimants moved to file an administrative claim and proof of claim with the district court, seeking $2,100,000 from the Debtors. The court denied these claims, finding them to be time barred. The bar date for filing a proof of claim was March 16, 1992. The bar date for administrative claims was May 22, 1993. The court rejected the Claimants' assertion that their failure to file a timely claim was the result of "excusable neglect." The district court also ruled on the merits on one issue, finding that the Claimants failed to present a valid administrative claim under § 503(b) of the Bankruptcy Code. The Claimants appeal.[1]

II.

It is undisputed that the Claimants sought to file their claims long after the bar dates established by the district court. Claimants nonetheless contend that they were denied due process because they were not given notice of the bankruptcy. Alternatively, they argue that the late filing was the result of excusable neglect.

_____
[1] The Claimants have moved to supplement the Joint Appendix. We grant this motion.

Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Spartan Mills v. Bank of America Illinois, 112 F.3d 1251, 1257 (4th Cir.), cert. denied, 118 S. Ct. 417 (1997). The district court found that "[w]hile [the Claimants] may not have received actual notice, they certainly had constructive notice of the bankruptcy and bar date." It explained that each of the Claimants was either employed by or affiliated with the Debtors. Furthermore, claimant Robinson had stated that she knew of the potential claims even before the bankruptcies. We agree that the Claimants had adequate notice.

As to excusable neglect, Bankruptcy Rule 9006(b)(1) permits a court to allow untimely claims if the failure to file was the result of "excusable neglect."[2] We review the district court's refusal to find excusable neglect for abuse of discretion. Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997).

The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).

The district court applied this analytical framework and concluded that there was no excusable neglect. It explained that allowing the late

_____

[2] Bankruptcy Rule 9006(b)(1) states:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. Proc. 9006(b)(1).

claim would hinder the administration of the bankruptcy estate and would prejudice the Debtors and their last remaining creditor, the FDIC. It noted that this case had been before the court for many years and that the Debtors had already sold all but one of their assets and made distributions (under the reorganization plan) to most creditors. It also suggested that the Claimants "have not acted entirely in good faith." It explained that instead of initially filing a proof of claim, the Claimants commenced an adversary proceeding. They only sought to file a proof of claim after their identical claims in the adversary proceeding were dismissed for lack of jurisdiction. Based on this reasoning, the district court did not abuse its discretion in refusing to find excusable neglect.

Because we agree that the claims were time barred, we do not reach the question of whether the Claimants presented a valid administrative claim under § 503(b) of the Bankruptcy Code.

The judgment of the district court is therefore

AFFIRMED.

7